IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Virginia B. Finnegan,  )
                       )
       Plaintiff,      )
                       )
vs.                    )  Civil Action No. 07-405
                       )
Ross Township,         )
                       )
       Defendant.      )
                       )

AMBROSE, Chief District Judge

# OPINION
# AND
# ORDER OF COURT

The factual and procedural details of this case are well known to the parties, and I need not repeat them in detail here. In short, Plaintiff, Virginia Finnegan ("Plaintiff"), initiated this action against her former employer, Defendant Ross Township ("Defendant" or "Ross Township"), alleging discriminatory treatment based on her sex, female, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").[1]

Pending are two Motions in Limine filed by Plaintiff. (Docket Nos. 30-31). Defendant opposes Plaintiff's Motions. (Docket Nos. 37-38). The Motions are now ripe for review, and I have considered them in light of the appropriate evidentiary standards. After careful consideration, the Motions in Limine are granted in part and denied in part as set forth more fully below.

---

[1] In her Complaint, Plaintiff also alleged discriminatory treatment on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and the PHRA. I granted Defendant's Motion for Summary Judgment on the age discrimination claims on June 25, 2008. (Docket No. 24). I denied Defendant's summary judgment motion in all other respects. Id.

2

## I. Hearsay Statements Attributed to Non-Decisionmakers

Plaintiff has moved to preclude Defendant from offering at trial any evidence of certain alleged hearsay statements attributed to non-decisionmakers. (Docket No. 30). Specifically, Plaintiff objects to certain alleged statements made by Ross Chief of Police Ralph Freedman to Commissioner Daniel DeMarco a week or so before the April 10, 2006 Executive Session at which the Board voted to terminate Plaintiff's employment, that Freedman had witnessed the confrontation between Plaintiff and Commissioner Lana Mazur and that it was "extremely loud" and/or a "very loud exchange." Pl.'s Motion in Limine (Docket No. 30) at 2. Plaintiff also objects to the introduction of any similar statements allegedly made by unidentified persons whom Mazur claims also witnessed the confrontation. See id. Plaintiff argues that any attempt by Defendant to introduce such alleged statements without calling the speakers as witnesses, would be improper because the statements are inadmissible hearsay and/or because the evidence is unfairly prejudicial; would confuse and mislead the jury; and would waste judicial time and resources. Id. at 3.

This Motion in Limine is denied as moot because Defendant has indicated in its response brief that it plans to call Chief Freedman and/or any other alleged witnesses to the confrontation as witnesses at trial. See Docket No. 37. If, however, Defendant seeks to introduce evidence of the statements at issue other than through the testimony of the speakers themselves, Plaintiff may renew any objections thereto at that time.

## II. Evidence Regarding Alleged Deficiencies in Plaintiff's Job Performance

In her second Motion in Limine, Plaintiff moves to preclude Defendant from offering at trial any evidence of reasons justifying the termination of Plaintiff's employment other than the two alleged incidents of insubordination that occurred in March 2006 (i.e., Plaintiff's alleged insubordination at the March 20, 2006 Executive Session, and Plaintiff's alleged confrontation with

3

Mazur several days later). Specifically, Plaintiff believes that Defendant may seek to introduce: (1) evidence that Commissioner Chris Eyster was dissatisfied with various aspects of Plaintiff's performance having nothing to do with the two incidents of insubordination; and (2) evidence about small disagreements other commissioners claim to have had with Plaintiff over the course of her eleven-year employment with Defendant. See Docket No. 31 at 2-3. Plaintiff argues that I should exclude any evidence of such other alleged performance deficiencies because it is irrelevant and/or because any probative value is outweighed by its highly prejudicial value; it would confuse the issues and mislead the jury; and it would waste judicial time and resources by creating needless trials within a trial. Id. at 3; Docket No. 35.

This Motion in Limine is denied as moot based on Defendant's representation in its brief that it does not expect any of the Commissioners to testify that there were reasons prompting Plaintiff's discipline other than the two incidents of insubordination. I am unable to rule at this stage, however, that evidence concerning alleged performance deficiencies is inadmissible for all other purposes. To the extent Defendant seeks to introduce evidence of Plaintiff's alleged performance deficiencies for other purposes, I will consider such evidence and objections thereto at the time of trial. As set forth in my Opinion and Order deciding Defendant's Motion in Limine, however, to the extent Defendant offers admissible evidence regarding deficiencies in Plaintiff's job performance for any other reason (e.g., to explain the degree of discipline imposed), Plaintiff is entitled to rebut such evidence with performance evidence of her own.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Virginia B. Finnegan, )
 )
      Plaintiff, )
 )
vs. ) Civil Action No. 07-405
 )
Ross Township, )
 )
      Defendant. )
 )

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 25th day of September, 2008, upon consideration of Plaintiff's Motions in Limine (Docket Nos. 30-31), it is hereby ordered that Plaintiff's Motion in Limine to Exclude from Evidence Hearsay Statements Attributed to Non-Decision Makers (Docket No. 30) and Plaintiff's Motion in Limine to Exclude from Evidence Testimony Regarding Alleged Deficiencies in Plaintiff's Job Performance Which Were Not a Basis for Defendant's Decision to Terminate Her Employment (Docket No. 31) are DENIED as moot as set forth more fully in the Opinion accompanying this Order.

                                                              BY THE COURT:

                                                              /s/ Donetta W. Ambrose
                                                              Donetta W. Ambrose
                                                              Chief U.S. District Judge