IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Virginia B. Finnegan, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 07-405
)
Ross Township, )
)
    Defendant. )
)

AMBROSE, Chief District Judge

## OPINION
## AND
## ORDER OF COURT

The factual and procedural details of this case are well known to the parties, and I need not repeat them in detail here. In short, Plaintiff, Virginia Finnegan ("Plaintiff"), initiated this action against her former employer, Defendant Ross Township ("Defendant" or "Ross Township"), alleging discriminatory treatment based on her sex, female, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").[1]

Pending is Defendant's Motion in Limine and Supplemental Motion in Limine. (Docket Nos. 32, 36). Plaintiff opposes Defendant's Motions. (Docket Nos. 41-42). The Motions are now ripe for review, and I have considered them in light of the appropriate evidentiary standards. After careful consideration, the Motions are granted in part and denied in part as set forth more fully

---

[1] In her Complaint, Plaintiff also alleged discriminatory treatment on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and the PHRA. I granted Defendant's Motion for Summary Judgment on the age discrimination claims on June 25, 2008. (Docket No. 24). I denied Defendant's summary judgment motion in all other respects. Id.

2

below.

I.      **Punitive Damages**

Defendant has moved in limine for dismissal of Plaintiff's claim for punitive damages arguing that Ross Township, as a municipality, cannot be liable for punitive damages under Title VII. Defs.' Mot. (Docket No. 32) ¶¶ 1-3. In her response, Plaintiff concedes this point and indicates that she will withdraw her claim for punitive damages. Pl.'s Opp. (Docket No. 41) at 1. Accordingly, this portion of Defendant's Motion in Limine is granted.

II.     **Evidence of Pretext - March 20, 2006 Meeting**

Defendant moves in limine to preclude Plaintiff from arguing that the events at the March 20, 2006 Executive Session (the first alleged incident of insubordination) are evidence of pretext. Defs.' Mot. (Docket No. 32) ¶ 4. Defendant argues that my ruling on Defendant's summary judgment motion that Plaintiff's view of the events at that Executive Session did not amount to evidence of pretext forms the law of the case and, thus, Plaintiff cannot reargue the issue at trial. See id.; see also Defs.' Br. (Docket No. 33) at 3. This portion of Defendant's Motion in Limine is denied.

As an initial matter, Defendant's reliance on the law of the case doctrine is misplaced. In my June 25, 2008 Opinion and Order (Docket No. 24), I denied Defendant's Motion for Summary Judgment on Plaintiff's sex discrimination claim. As the Court of Appeals for the Third Circuit has explained,

> [t]he denial of a motion for summary judgment is an interlocutory ruling which establishes no more than that on the summary judgment record there are fact issues which should be submitted to the trier of fact. Since the record at trial may be different, such a preliminary ruling does not determine what issues should be submitted to the jury.

Kutner Buick, Inc. v. Am. Motors Corp., 868 F.2d 614, 619 (3d Cir. 1989); see also Martin v. Port Auth. Transit of Allegheny County, 115 F. App'x 556, 560 (3d Cir. 2004) ("Interlocutory orders

3

remain open to reconsideration and do not constitute law of the case.").[2]

Here, my ruling on Defendant's summary judgment motion was based on the summary judgment record. As noted in the Kutner Buick decision, the record at trial may be different. Moreover, even if Plaintiff's mere disagreement that her conduct at the March 20, 2006 Executive Session amounted to insubordination is not evidence of pretext, that does not mean that all evidence concerning the events of that session, including Plaintiff's version thereof, is *per se* irrelevant to Plaintiff's case. This is especially true where it is undisputed that it was the combination of alleged insubordinate acts (Plaintiff's alleged behavior at the March 20 Executive Session and the subsequent alleged confrontation with Lana Mazur in the hallway) that led to the decision to terminate Plaintiff's employment. To the extent that Defendant regards Plaintiff's evidence to be legally insufficient at trial, it is entitled to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) after Plaintiff presents her case. Defendant also may request appropriate jury instructions and/or make applicable objections to specific evidence at trial.

## III. Unemployment Compensation Proceedings

Defendant moves in limine to exclude at trial evidence relating to Plaintiff's unemployment compensation proceedings held in connection with her termination from employment with Defendant. Defs.' Mot. (Docket No. 32) ¶ 4; see also Def.'s Br. (Docket No. 33) at 4-6; Supp. to Def.'s Mot. in Limine, Part III (Docket No. 36). Specifically, Defendant argues that the findings of fact of the Unemployment Compensation Board of Review and the Unemployment Compensation Referee are inadmissable pursuant to Federal Rules of Evidence 403 and 802. See id. This

---

[2] Defendant's reliance on In re City of Philadelphia Litig., 158 F.3d 711 (3d Cir. 1989) in support of its "law of the case" theory is inapposite. The court of appeals in that case applied the "law of the case" doctrine to a prior court of appeals decision in the same case. Although part of the first appeal involved review of the trial court's order denying summary judgment, the court had certified the question at issue for interlocutory review. See id. at 716. In addition, the court of appeals applied the law of the case doctrine only after trial and only after finding that the evidence presented at trial did not significantly deviate from the summary judgment record. See id. at 720.

4

portion of Defendant's Motion in Limine is granted.

In her opposition, Plaintiff states that she will seek to introduce certain of the administrative findings as evidence that: (1) Commissioner Mazur was not credible; (2) Plaintiff did not raise her voice to Commissioner Mazur in the hallway of the municipal building; and (3) Plaintiff did not engage in a "screaming match" with Commissioner Mazur. Pl.'s Opp. Br. (Docket No. 43) at 5-6. I agree with Defendant that this evidence should be excluded based on Rule 403. According to Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice "means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Comm. Notes to Rule 403. The Rule 403 decision is left to my discretion and is to be determined on a case-by-case basis. Coleman v. Home Depot, Inc., 306 F.3d 1333, 1345 (3d Cir. 2002).

After careful consideration of the administrative findings at issue, I agree with Defendant that the findings are unduly prejudicial, confusing, and cumulative. Any credibility issues in this case are for the jury – as the finder of fact – to assess based on the sworn testimony of witnesses and other evidence introduced at trial. To allow Plaintiff to introduce the administrative findings at issue would cause jury confusion as well as create a significant risk that the jury will place undue weight on the findings in lieu of making their own credibility determinations. These concerns are especially great where, as here, the unemployment compensation proceedings involved a very different burden of proof on a different issue. Because I find that any probative value of the unemployment compensation findings is substantially outweighed by the above dangers, Defendant's Motion in Limine to exclude the evidence at issue is granted. See, e.g., Whitfield v. Pathmark Stores, Inc., No. Civ. A. 96-246-MMS, 1999 WL 222459 (D. Del. Mar. 30, 1999). Cf. Dici

v. Commonwealth of Pa., 91 F.3d 542 (3d Cir. 1996).

## IV.    Allegations of Hiring or Pay Disparity

Defendant moves in limine to preclude Plaintiff from introducing evidence of pay disparity and/or hiring practices to show disparate treatment. Def.'s Mot. (Docket No. 32) ¶¶ 7-8; see also Def.'s. Br. (Docket No. 33) at 6-7. This portion of Defendant's Motion in Limine is granted. Plaintiff admits that she has dropped her Equal Pay Act claim from this case. The main issue in the case as it now stands is whether Defendant terminated Plaintiff's employment for its stated reason, i.e., insubordination, or for a discriminatory reason, i.e., Plaintiff's gender. Plaintiff has not demonstrated in her response to Defendant's Motion in Limine the relevance of the alleged pay/hiring disparities to this issue or shown that she can provide the necessary statistical evidence of hiring and/or salary practices to serve as a foundation for her pay/hiring disparity argument. See, e.g., Ezold v. Wolfe, Block, Schorr & Solis-Cohen, 983 F.2d 509, 542-43 (3d Cir. 1992); Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 335 (3d Cir. 2000).

## V.    Evidence of "Disparate Impact"

Defendant moves in limine to preclude Plaintiff from introducing certain evidence regarding alleged similarly situated males whom she alleges Defendant treated more favorably than it treated her. Def.'s Mot. (Docket No. 32) ¶¶ 9-10; see also Def.'s. Br. (Docket No. 33) at 7-9. Specifically, Defendant objects to any evidence concerning (1) employee James Stack, whom Plaintiff alleges was not disciplined for yelling at employees or having a confrontation with Commissioner Mazur; (2) former Police Chief Greg Tenos, whom Plaintiff claims was not terminated despite having made inappropriate comments to the media after a subordinate police officer was arrested for having operated a methamphetamine lab; and (3) David Buskirk, Director of Building Inspection whom Plaintiff alleges "had words with" Board members and also had to repay the Township $1,000 for non-work-related phone calls, but whose employment was not terminated. Defendant also seeks

6

to preclude any reference to Plaintiff's allegations that no employee at her level had been fired by Defendant in the 15-16 years prior to her discharge and that she was arbitrarily denied the opportunity to attend social functions such as golf outings that males regularly attended. See id. (citing Plaintiff's Pretrial Statement (Docket No. 27) at 4-5, subp. f-j). Defendant argues that Plaintiff's allegations are unsupported by the record, dissimilar to Plaintiff's situation, anecdotal, and/or impermissibly seek to broaden the scope of the case.

This portion of Defendant's Motion in Limine is granted in part and denied in part. In her response, Plaintiff concedes that Mr. Buskirk and former Chief Tenos did not engage in the same type of behavior as that of which she was accused. Pl.'s Opp. Br. (Docket No. 43) at 10. Because Buskirk and Tenos were not similarly-situated to Plaintiff, Plaintiff is precluded from comparing herself to those individuals as evidence of disparate treatment at trial. See, e.g., Tyler v. SEPTA, No. Civ. A. 99-4825, 2002 WL 31965896, at *3 (E.D. Pa. Nov.8, 2002) (In the discipline context, plaintiff must show that an alleged comparator's acts "were of comparable seriousness to [her] own infraction, and that the [comparator] engaged in the same conduct without such differentiating or mitigating circumstances as would distinguish the [comparator's] conduct or the employer's resulting treatment of [her].") (alterations in original)), aff'd, 85 F. App'x 875 (3d Cir. 2003); see also Jackson v. Bob Evans-Columbus, No. 2:04cv559, 2006 WL 3814099, at *7 (W.D. Pa. Dec. 22, 2006). With respect to James Stack, however, Plaintiff alleges in her Pretrial Statement and opposition brief that he was engaged in the same type of behavior as that of which Plaintiff was accused. Although I understand that Defendant disagrees with Plaintiff's position, I simply do not have sufficient information before me with respect to Mr. Stack to rule as a matter of law that any evidence concerning him is irrelevant and/or otherwise inadmissible. Accordingly, Defendant's Motion in Limine to preclude evidence regarding Mr. Stack is denied.

The remainder of Defendant's motion in limine on this issue is denied. At this stage of the

proceedings, I cannot rule as a matter of law that the remaining allegations set forth in subparagraphs f-j of Plaintiff's Pretrial Statement are entirely irrelevant to Plaintiff's claims. To the extent that Defendant regards Plaintiff's evidence to be legally insufficient at trial, it is entitled to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) after Plaintiff presents her case. Defendant also may request appropriate jury instructions and/or make applicable objections to specific evidence at trial.

## VI. Cumulative and Irrelevant Evidence

Defendant moves in limine to exclude as cumulative and irrelevant certain other evidence listed in Plaintiff's Pretrial Statement. Specifically, Defendant contests the admissibility of evidence concerning Plaintiff's performance record during her employment; Defendant's progressive disciplinary policy; and certain alleged "stray remarks" by non-decision makers. See Def.'s Mot. (Docket No. 32) ¶¶ 11-14; see also Def.'s Br. (Docket No. 33) at 10. This portion of Defendant's Motion is granted in part and denied in part.

First, Defendant moves to exclude evidence concerning Plaintiff's prior work performance, including Plaintiff's performance evaluations. Defendant notes that it is uncontested that Plaintiff's termination from employment was not performance-related and that the only reason for Plaintiff's discharge was the two consecutive incidents of alleged insubordination in March 2006. Therefore, according to Defendant, evidence of Plaintiff's prior performance would be cumulative and irrelevant, and would divert the attention of the jury to the unfair prejudice of Defendant. See id.[3] To the extent Defendant maintains at trial its position that it terminated Plaintiff's employment solely because of the two alleged March 2006 incidents of insubordination, I agree that Plaintiff may not

---

[3] Plaintiff makes the similar argument in her Brief in Support of her Motion in Limine to exclude evidence regarding performance deficiencies that such evidence would create a myriad of tangential and side issues and numerous "trials within a trial," drawing attention away from the major factual issue in the case – whether Defendant's articulated reasons for Plaitniff's discharge are worthy of belief. See Pl.'s Mem. Supp. Mot. in Limine (Docket No. 35) at 1.

8

introduce evidence concerning her good performance to show pretext. This ruling, however, shall not preclude Plaintiff from introducing evidence of her performance history if Defendant introduces any evidence regarding Plaintiff's negative performance or attempts to argue that Plaintiff's performance in any way influenced its decision to discipline her, including, but not limited to the degree of discipline imposed. To the extent Plaintiff argues that evidence of her performance is admissible for purposes other than demonstrating pretext, I will consider such evidence and objections thereto at the time of trial.

Second, Defendant moves to exclude evidence of its progressive disciplinary policy, arguing that because the policy is not mandatory, Defendant's variance from that policy is not evidence of pretext. This portion of Defendant's Motion in Limine is denied. I am unable to rule pretrial that evidence regarding Defendant's failure to follow its progressive disciplinary policy is irrelevant to any issue in Plaintiff's case, especially where, as here, Plaintiff disputes Defendant's position regarding the application of the policy. Defendant's arguments that the progressive disciplinary policy was not mandatory and that certain infractions such as insubordination justify immediate termination under the policy, go more to the weight of the evidence than its admissiblity, and Defendant is free to introduce evidence of these and other facts to the jury at trial. Again, to the extent Defendant regards Plaintiff's evidence to be legally insufficient at trial, it is entitled to move for judgment as a matter of law under Rule 50(a) after Plaintiff presents her case. Defendant also may request appropriate jury instructions and/or make applicable objections to specific evidence at trial.

Finally, Defendant notes that Plaintiff testified in discovery to "what could best be characterized as 'stray remarks'" and asks that I reject any attempt by Plaintiff to place those remarks into evidence. Def.'s Br. Supp. (Docket No. 33) at 10. This portion of Defendant's Motion in Limine is denied as premature. Defendant simply does not provide sufficient information

9

regarding the remarks at issue for me to make an evidentiary ruling on those remarks at this stage of the proceedings. Moreover, Plaintiff does not address these alleged remarks in her opposition brief or otherwise indicate she intends to introduce them as evidence. Defendant may raise appropriate objections to the alleged "stray remarks" if, and when, Plaintiff attempts to offer them at trial.

## VII. Reservation of Rights Regarding Plaintiff's List of Deposition Excerpts

Defendant indicates that it has not moved in limine to exclude any portions of the list of deposition excerpts set forth in Plaintiff's Pretrial Statement because Defendant's objections thereto largely will depend on my rulings on the instant Motions in Limine. Def.'s. Motion (Docket No. 32), Section II. Consequently, Defendant requests the opportunity to file a supplemental motion in limine with respect to such excerpts prior to trial. In Plaintiff's response, her counsel indicates that he is willing to work with Defendant's counsel on this issue. Pl.'s Opp. Br. (Docket No. 43) at 11. In this regard, I encourage the parties to work together regarding the scope of deposition excerpts to be read into the record. To the extent that the parties cannot agree on this issue, they shall have three (3) business days from the date of the Order accompanying this Opinion to file any supplemental motions in limine with respect to deposition excerpts.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Virginia B. Finnegan, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Civil Action No. 07-405 |
| Ross Township, | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge

**ORDER OF COURT**

AND NOW, this 25th day of September, 2008, upon consideration of Defendant's Motions in Limine (Docket Nos. 32 and 36), it is hereby ordered that the Motions are GRANTED in part and DENIED in part as set forth more fully in the Opinion accornpanying this Order. It is further ordered that the parties shall have three (3) business days from the date of this Order to file any supplemental Motions in Limine on the issue of deposition excerpts.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge

11